**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Civil No. 00-2408 ADM/AJB

DARIN H. PACKARD,

Plaintiff,

vs.

WAL-MART STORES, INC.

Defendant.

**CONFIDENTIALITY STIPULATION AND ORDER**

The parties, by their attorneys, hereby stipulate and agree as follows:

1. Information, documentation, and materials produced by any party or third party (pursuant to request, subpoena or otherwise) in this matter and which concerns financial data, trade secrets, proprietary information, confidential information, commercial data, personnel or medical data of Wal-Mart employees other than Plaintiff, or any other information, documentation or materials that are not available legally from another source ("Confidential Information") shall be held confidential, except as provided herein.

2. Confidential Information will be disclosed only to the Court and its personnel, plaintiff, defendant, counsel and counsels' personnel, and court reporters who have a need for such disclosure and who are directly involved in the preparation of this matter.

3. Confidential Information shall not be disclosed to anyone for any purpose except for the prosecution or defense of this action. Moreover, any disclosure should be



MAR 01 2001
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

only to the extent reasonably necessary to the effective prosecution or defense of this action, and for no other purpose.

4. Confidential Information may be disclosed to other persons requested by counsel to furnish technical or expert services, or others who may give testimony in this matter, as reasonable and necessary. Prior to disclosing Confidential Information to any person outlined in this paragraph, counsel will show a copy of this Order to him/her and have him/her acknowledge in writing, in the form attached as Exhibit A, that he/she has read this Confidentiality Stipulation and Order, understands its terms, and agrees to be bound by them. Counsel will retain these acknowledgments and will provide them to opposing counsel only upon agreement of the parties or by Order of the Court.

5. Confidential Information and any reports, summaries, analyses, or other papers derived from it shall be retained by and/or under the control of counsel.

6. Confidential Information shall be used only in connection with this action and shall not be used for any business, competitive, personal, private or public purpose, or any other purpose.

7. Upon termination of this action, counsel shall, within 90 days thereof, collect all copies of Confidential Information and return to opposing counsel, or destroy, all copies of Confidential Information produced by opposing counsel.

8. Publicly available information shall not be deemed Confidential Information. In addition, information within the personal knowledge of the Plaintiffs, that is not derived

from information, documentation or materials produced by defendant or others and which does not constitute or concern defendant's financial data, trade secrets, proprietary information, confidential information, or personnel or medical data relating to employees other than the plaintiffs, shall not be deemed Confidential Information.

9. All Confidential Information submitted to or filed with the Court in this Action shall be submitted or filed under separate cover and shall be placed under seal unless the Court directs otherwise. Such materials shall be available only to the Court and persons authorized by this Stipulation and Order. This Stipulation and Order shall not prevent any Confidential Information from being used by the Court or counsel of record at any hearing in this action, or from being offered and received into evidence at trial, subject to such confidentiality measures as the Court may then prescribe.

10. This Stipulation and Order may be entered as an Order of the Court by the consent of the parties, but shall be binding upon the parties and their counsel whether or not entered as an Order.

11. The terms of this Stipulation shall survive, remain in effect, and continue to be binding after the conclusion, settlement or other termination of this Action.

12. Nothing in this Confidentiality Order constitutes a finding or admission that Confidential Information is in fact confidential, proprietary or otherwise not subject to disclosure. Any party may bring before the Court at any time the question of whether any

particular Confidential Information does, in fact, contain confidential material or the question of whether this Confidentiality Order should be modified.

13. The foregoing is entirely without prejudice to the right of either party to apply to the Court for any further protective order relating to any confidential documents or information; or to apply to the Court for an Order compelling production of documents; or for modification of this Order; or for an order permitting the disclosure of any confidential documents or information beyond the terms of this Order. This Confidentiality Stipulation and Order is subject to modification at any time upon further stipulation of the parties or pursuant to Order of the Court.

**BRIGGS AND MORGAN, P.A.**

Dated: 2/21/01

By: Jason M. Hedican

Jason M. Hedican (#271548)
2400 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 334-8400

**ATTORNEY FOR DEFENDANT**

**KRAFT, WALSER, HETTIG & HONSEY, PLLP**

Dated: 2-26-01

By: D B Honsey
Daniel B. Honsey, Esq. (#229374)
131 South Main Street
P.O. Box 129
Hutchinson, MN 55350
(320) 587-8150

**ATTORNEY FOR PLAINTIFFS**

**IT IS SO ORDERED:**

Dated: 3/1/01

Arthur J. Boylan
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT

The undersigned, in connection with the case of *Darin H. Packard v. Wal-Mart Stores, Inc., Case No. 00-2408 ADM/AJB*, United States District Court, District of Minnesota, hereby acknowledges that she/he has read the Protective order entered in this case, that she/he understands the provisions prohibiting the disclosure or other use of Confidential Information, and that she/he agrees to abide by it and to be bound by the provisions of the Protective Order. The undersigned further acknowledges that failure to comply with the provisions of this Protective Order may be punishable by contempt of court and may result in civil liability to any party or person damaged thereby.

Dated: ________________ ______________________________________

Subscribed and sworn to before me
this __ day of___________, 2001

__________________________________
Notary Public

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

**Clerks Notice In Re: Protective Order**

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.